IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| ALBERT GENE LUDLOW, JR., | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-06-1419 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

Petitioner, Albert Gene Ludlow, Jr., seeks habeas corpus relief under 28 U.S.C.

§ 2254, challenging a conviction in the 208th Judicial District Court of Harris

County, Texas. Respondent filed a motion for summary judgment, (Docket Entry No.

13), and copies of the state court record. Ludlow has filed his own motion for

summary judgment. (Docket Entry No. 14). After consideration of the motion and

response, the record, and applicable authorities, the court grants respondent's motion

and denies the motion filed by Ludlow. The reasons for these rulings are stated

below.

## I.      Background

Ludlow pleaded guilty to the felony offense of possession of cocaine with

intent to deliver. (Cause Number 985597). Ludlow pleaded true to the enhancement

paragraphs relating to prior convictions for theft by receiving in Cause Number

O:\RAO\VDG\2006\06-1419.b01

524083 and for tampering with a governmental record in Cause Number 684797.  On February 7, 2005, the court sentenced Ludlow to twenty-five years imprisonment. Ludlow did not file a direct appeal.  Ludlow filed an application for state habeas corpus relief on May 23, 2005, which the Texas Court of Criminal Appeals denied without written order, on findings of the trial court, without a hearing on March 29, 2006.  *Ex parte Ludlow,* Application No. 33,592-04 at cover.

On April 24, 2006, this court received Ludlow's federal petition.  Ludlow contends that his conviction is void for the following reasons:

(1) His conviction was obtained through the use of a coerced confession;

(2) His conviction was obtained through the use of evidence gained from an illegal search;

(3) His conviction was obtained through the use of evidence gained during an illegal search of his vehicle, incident to an unlawful arrest;

(4) The grand jury who indicted him was unconstitutionally selected and impaneled; and

(5) He was denied effective assistance of counsel when his attorney, Melissa Harper, failed to investigate his case prior to the date of trial.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-8).

Respondent argues that ground 4 is unexhausted and procedurally barred. Respondent maintains that the remaining grounds lack merit.

Ludlow did not challenge the voluntariness of his guilty plea in his state application or in his petition for a writ of habeas corpus. After the respondent filed his motion for summary judgment, Ludlow filed a motion to amend his petition to raise a challenge to the validity of the guilty plea. Though this claim is unexhausted, the court finds that this claim lacks merit because Ludlow entered a valid guilty plea. The court further finds that Ludlow's valid guilty plea waived Ludlow's challenge to the coerced confession, the Fourth Amendment violations, and grand jury proceedings. The court also finds that counsel rendered effective assistance.

## II.    The Standard of Review

Ludlow's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Subsections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an "adjudication on the merits." An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural." *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000).

In ruling on a motion for summary judgment, this court views the evidence through "the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254 (1986).  Under the AEDPA, the prism of the substantive evidentiary burden differs depending upon whether the issue is one of law, fact, or both.  *See Drinkard,* 97 F.3d at 767-68.  The AEDPA provides as follows, in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e)
>> (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

A state court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was

contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). A state court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor,* 120 S. Ct. 1495 (2000). A state court unreasonably applies Supreme Court precedent if: (1) it unreasonably applies the correct legal rule to the facts of a particular case; or (2) it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495. In deciding whether a state court's application was unreasonable, this court considers whether the application was "objectively unreasonable." *Id.* at 1495; *Penry v. Johnson,* 215 F.3d 504, 508 (5th Cir. 2000). Questions of fact found by the state court are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill,* 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

Ludlow is a *pro se* petitioner. In this circuit *pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as are pleadings filed by lawyers. *See Martin v. Maxey,* 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh,* 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This court accords Ludlow's state and federal habeas petitions a broad interpretation. *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999).

## III.    The Claim as to the Voluntariness of the Guilty Plea

Ludlow claims that his guilty plea is involuntary because he entered it under duress. (Docket Entry No. 15, Amended Petition for a Writ of Habeas Corpus, p. 1).

A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent. *Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir.), *cert. denied,* 474 U.S. 838 (1985). A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt. *Henderson v. Morgan,* 426 U.S. 637, 645 n.13 (1976). The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood

their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied,* 503 U.S. 988 (1992). If the record shows that the defendant "understood the charge and its consequences," this Court will uphold a guilty plea as voluntary even if the trial judge failed to explain the offense. *Davis v. Butler,* 825 F.2d 892, 893 (5th Cir. 1987).

The record shows that on February 7, 2005, Ludlow appeared in open court and entered a plea of guilty. *Ex parte Ludlow,* Application No. 33,592-04 at 23. The court admonished Ludlow as to the nature of the offense charged -- possession of cocaine with intent to deliver on April 24, 2004 -- and the punishment range. (*Id.*). Ludlow entered his guilty plea after receiving these admonishments. *Id.* "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)(quoting *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977)).

The document illustrated that Ludlow pled guilty to the first-degree felony offense of possession of cocaine with intent to deliver, namely 74 grams and less than 200 grams of cocaine. *Ex parte Ludlow,* Application No. 33,592-04 at 9. He also pled true to both enhancement paragraphs contained in the indictment. In exchange for his plea of guilty, Ludlow received a twenty-five year prison sentence.

Ludlow appeared in court with counsel, waived his right to a trial by jury, and pleaded guilty to the charged offense. *Ex parte Ludlow,* Application No. 33,592-04 at 24. The trial court admonished Ludlow as required by law. The trial court accepted Ludlow's plea after it determined that Ludlow was mentally competent to stand trial, that the plea was freely and voluntarily made, and that Ludlow was aware of the consequences of his plea. After hearing the evidence submitted, the court found Ludlow guilty of the charged offense. The trial court granted Ludlow the right of allocution, but Ludlow stated nothing that would bar pronouncement of the sentence. The court found that Ludlow was guilty of possession of a controlled substance, 74 grams and less than 200 grams of cocaine; that Ludlow committed the offense on April 24, 2004; and that Ludlow would be punished with a 25-year prison term.

The trial court orally admonished Ludlow concerning the consequences of the guilty plea, and the court ascertained that Ludlow entered his guilty plea knowingly and voluntarily. Ludlow's thumbprint on the document entitled "Judgment on Plea of Guilty/Nolo contendere/Not Guilty Before Court - Waiver of Jury Trial," indicates that he understood the nature of the charge against him and the consequence of his plea. *Ex parte Ludlow,* Application No. 33,592-04 at 23-24. This document is entitled to a presumption of regularity under 28 U.S.C. § 2254(e), and this court

accords evidentiary weight to this instrument. *Carter v. Collins,* 918 F.2d 1198, 1202 n.4 (5th Cir. 1990).

Ludlow did not raise this ground in his state application.   An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(2).  The record shows that Ludlow voluntarily entered a guilty plea after consulting with counsel.   Ludlow's claim for habeas relief based on the involuntariness of his guilty plea lacks merit, and relief cannot be granted. 28 U.S.C. § 2254(d)(1).

## IV.   The Claim of Ineffective Assistance of Counsel

(Ground 5)

Ludlow complains that counsel rendered ineffective assistance because she did not read the entire file for ten months.  Ludlow claims that prior to selecting a jury,[1] counsel stated that she did not know there was a coerced confession in the file. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 8).  Construed liberally, Ludlow claims that he did not knowingly and voluntarily enter his guilty plea because he did not receive effective assistance of counsel.

---

[1]Other than Ludlow's conclusory assertion, there is no indication on the record that a jury was selected.

The longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford,* 400 U.S. 25, 31 (1970); *see Boykin v. Alabama,* 395 U.S. 238, 242 (1969); *Machibroda v. United States,* 368 U.S. 487, 493 (1962).

In *Hill v. Lockhart,* 474 U.S. 52 (1985), the Supreme Court held that the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984), applies to cases involving guilty pleas. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) his counsel's actions fell below an objective standard of reasonableness; and (2) the ineffective assistance of counsel prejudiced him. *Id.*; *Moawad v. Anderson,* 143 F.3d 942, 946 (5th Cir. 1998). A court may resolve a claim by finding either that counsel rendered reasonably effective assistance or that there was a lack of prejudice. There is no need to reach both components of the inquiry if the defendant makes an insufficient showing on one. *Strickland,* 466 U.S. at 697.

In assessing the reasonableness of counsel's performance, the court must indulge a strong presumption that the performance falls within the "wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689; *Gray v. Lynn,* 6 F.3d

265, 268 (5th Cir. 1993). If counsel's action is based on well-informed strategic decisions, it is "well within the range of practical choices not to be second-guessed." *Rector v. Johnson,* 120 F.3d 551, 564 (1997)(quoting *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921 (1993)).

In the context of a guilty plea, prejudice is present if there is reasonable probability that absent counsel's errors the defendant would not have entered a guilty plea and would have insisted on a trial. *United States v. Payne,* 99 F.3d 1273, 1282 (5th Cir. 1996); *Mangum v. Hargett,* 67 F.3d 80 (5th Cir. 1995), *cert. denied,* 516 U.S. 1133 (1996). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694.

Because Ludlow pleaded guilty to the offense, the relevant inquiry is whether counsel's performance interfered with Ludlow's ability to understand the nature of the charges against him and the consequences of his plea. Once a guilty plea has been entered, nonjurisdictional defects in the proceedings against the defendant are waived, including all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.), *cert. denied sub nom. Smith v. McKaskle,* 466 U.S. 906 (1984). The court will consider each of Ludlow's complaints against defense counsel.

## A.   The Failure to Give Accurate Advice Concerning the Confession

Ludlow claims that his trial counsel never read the file, and she was unaware of the coerced confession. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 8). Ludlow apparently argues counsel led him to believe that nothing could be done about the confession. This, according to Ludlow, caused him to plead guilty.

The Supreme Court has explicitly recognized that the decision whether to plead guilty or go to trial is one made under circumstances of incomplete, and often inaccurate, information. *See, e.g., McMann v. Richardson*, 397 U.S. 759, 769 (1970) ("[T]he decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are examined and cross-examined in court. Even then the truth will often be in dispute."). Mistakes in calculating the strength of the state's case have been declared insufficient to render the plea unintelligent or involuntary. *See Brady v. United States*, 397 U.S. at 757 ("A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case ...."). State action leading a counseled defendant to perceive he has a weak case has been held insufficient to render a resultant guilty plea invalid.  *Matthew v. Johnson*, 201 F.3d 353 (5th Cir. 2000) (citing *McMann*, 397 U.S. at 771, 90 S. Ct. 1441 (holding that a defendant alleging

that he pleaded guilty solely because of a prior coerced confession was not entitled to habeas review)).

By pleading guilty in open court, Ludlow made declarations entitled to significant weight. "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)(quoting *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977)). The documents that make up the record are entitled to a presumption of regularity under 28 U.S.C. § 2254(e), and this court accords evidentiary weight to these instruments. *Carter v. Collins,* 918 F.2d 1198, 1202 n.4 (5th Cir. 1990).

The state habeas court found:

> 3. Applicant fails to allege sufficient facts to show that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.
> 4. Applicant fails to allege sufficient facts which, if true, would entitle him to relief on his claim that he was denied effective assistance of counsel.

*Ex parte Ludlow,* Application No. 33,592-04 at 18-19.

This court must afford the state court's factual findings a presumption of correctness, which Ludlow has failed to rebut. 28 U.S.C. § 2254(d)(2). Ludlow

explains that counsel had told him that the judge would not allow Ludlow to accuse the police of lying.  Counsel refused to present false testimony.  *Ex parte Ludlow,* Application No. 33,592-04 at 8.  From the pleadings and record, it appears that counsel met with Ludlow and reviewed the evidence against Ludlow and advised Ludlow to enter a guilty plea.  Based on her review of the evidence and her knowledge of the law, counsel told Ludlow that he should enter a plea of guilty. Counsel's actions were based on well-informed strategic decisions, and they are well within the range of practical choices not to be second-guessed.  The state court's decision was a reasonable application of the law to the facts and was not contrary to clearly established federal law as determined by the Supreme Court of the United States.  Relief cannot be granted under 28 U.S.C. § 2254(d)(1).

**B.**     **The Remaining Claims Relating to the Assistance of Counsel**

From the record before it, the court has found that Counsel's performance did not interfere with Ludlow's ability to understand the nature of the charges against him and the consequences of his plea.   Once a guilty plea has been entered, nonjurisdictional defects in the proceedings against the defendant are waived, including all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith,* 711 F.2d at 682.

Ludlow's claim that his counsel failed to conduct an adequate investigation of the facts, does not meet the criteria necessary to overcome waiver or provide a basis for habeas relief on the merits.  Ludlow is not entitled to habeas relief on this claim.

## C.    The Claim of Prejudice Resulting from Counsel's Deficient Performance

Ludlow has not satisfied the prejudice prong of *Strickland* based on the deficiencies he alleges in Counsel's performance.  Ludlow has failed to show that there was a reasonable probability that but for her alleged unprofessional errors, Ludlow would not have entered a guilty plea.  Ludlow received a twenty-five year prison term when he pleaded guilty.

Ludlow was convicted of possession of a controlled substance.  The relevant portions of the Texas Health and Safety Code provide in part:

> (a) Except as authorized by this chapter, a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1.
> . . .
> (d) An offense under Subsection (a) is a felony of the first degree if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, four grams or more but less than 200 grams.

TEX. HEALTH AND SAFETY CODE § 481.112(a) & (d).  Cocaine is a substance listed in Penalty Group I. TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D)(Vernon 2003).

The indictment charged Ludlow with the offense of unlawfully, knowingly possessing with intent to deliver a controlled substance, namely, Cocaine, weighing more than 4 grams and less than 200 grams by aggregate weight, including any adulterants or dilutants. *Ex parte Ludlow,* Application No. 33,592-04 at 22.  Ludlow also pleaded true to two enhancement paragraphs.  Ludlow has not shown that he would have insisted on a trial, which exposed him to a prison sentence ranging from twenty-five to ninety-nine years. TEX. PENAL CODE § 12.42(d).  In the event of a trial, a jury would have learned about Ludlow's lengthy criminal history, including convictions for theft by receiving and for tampering with government documents.

The state court's decision to deny relief was not contrary to clearly established federal law as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d)(1).  Ludlow's claim for habeas relief based on the ineffective assistance of counsel lacks merit.

## V.   The Claim Based on a Coerced Confession

(Ground 1)

Ludlow claims that the police officers asked Ludlow if he wanted to "work the case off?" Ludlow chose to "work off" his case by divulging the identity of his drug supplier. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 7).

Liberally construed, Ludlow contends that his confession was obtained in violation of *Miranda v. Arizona,* 384 U.S. 436 (1966). A voluntary guilty plea waives all non-jurisdictional defects in the proceedings against the defendant. *See Tollett v. Henderson,* 411 U.S. 258, 267 (1973); *United States v. Smallwood,* 920 F.2d 1231, 1240 (5th Cir. 1991). *See also United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999) ("When the trial court denies a motion to suppress and the defendant subsequently enters an unconditional plea of guilty, the defendant has waived the right to raise further objection to that evidence."); *Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir. 1979) ("Franklin's claims regarding Miranda warnings, coerced confessions, perjury, and illegal searches and seizures are not jurisdictional in nature and thus do not require our consideration."). Ludlow has not asserted a non-jurisdictional defect nor has he challenged the voluntariness of his guilty plea. His constitutional and *Miranda* arguments are therefore waived.

Alternatively, Ludlow's claim that his confession was coerced lacks merit.

17

Ludlow provides no explanation as to the relationship between the making of his confession and the subsequent entry of a guilty plea.

In *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983), the Fifth Circuit held that conclusory allegations are an inadequate basis for federal habeas relief, stating that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Id*.

Ludlow is not entitled to habeas relief on this claim.

## VI.   The Claims Based on Violations of the Fourth Amendment

(Grounds 2 & 3)

Ludlow asserts that the police received a call from an unknown woman. He argues that the police had time to obtain a search warrant. In his third ground, Ludlow asserts that the conviction was obtained by use of evidence gained from an unlawful arrest and unlawful search of his car.

Ludlow's guilty plea, however, prevents relief based on an illegal search and seizure. By pleading guilty, a defendant waives certain constitutional and procedural rights. The Fifth Circuit has held that a defendant's "voluntary guilty plea waives all non-jurisdictional defects in the proceedings against the defendant." *United States v.*

*Glinsey,* 209 F.3d 386, 392 (5th Cir. 2000).  Putatively unreasonable searches and seizures qualify as non-jurisdictional defects, challenges to which are waived by a guilty plea. *Norman v. McCotter,* 765 F.2d 504, 511 (5th Cir. 1985) (holding that searches and seizures alleged to run afoul of the Fourth Amendment are defects that defendant "waived his right to challenge when, as found above, he entered a knowing and voluntary guilty plea").   Ludlow's Fourth Amendment claims fail because Ludlow waived them by his unconditional guilty plea. *See United States v. Cothran,* 302 F.3d 279, 286 (5th Cir. 2002) (an unconditional guilty plea waives objections to searches and seizures that violate the Fourth Amendment).

Ludlow is not entitled to relief on this claim.

## VII.   The Claims Relating to Grand Jury Proceedings

(Ground 4)

Ludlow asserts that the grand jury and petit jury were unconstitutionally selected and empaneled.   He claims that Harris County rubber-stamped the indictment.

Respondent argues that claim 4 is unexhausted and procedurally barred because Ludlow did not raise it in his state application for a writ of habeas corpus or in a petition for discretionary review.  (Docket Entry No. 13, Respondent's Motion of Summary Judgment, pp. 2-3).

Prisoners suing under Section 2254 are required to exhaust their claims in state court before applying for federal collateral relief. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Full exhaustion of all claims presented is required before federal habeas corpus relief is available. *Rose v. Lundy,* 455 U.S. 509, 518-22 (1982). The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998)(citing *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982)).

Generally, a federal habeas corpus petition that contains both exhausted claims and unexhausted claims, *i.e.*, a mixed petition, should be dismissed to allow the petitioner to return to the state forum to present his unexhausted claim or claims. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The total exhaustion rule of *Rose* and its progeny is no longer binding under the federal habeas corpus statutes. The AEDPA amended 28 U.S.C. § 2254(b) to allow a federal court to deny an application on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2)(West 1997). Under this provision, a federal court in its discretion may review on the merits a habeas corpus application containing unexhausted claims. In *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), the Fifth Circuit noted that amended § 2254(b)(2) is permissive ("[a]n

application . . . may be denied ..."). Because this authority is discretionary only, a federal court is not required to exercise this new prerogative and may still defer to the state courts where state consideration of an unexhausted claim would be appropriate.

Ludlow raised the following claims in his state application: his confession was coerced; his conviction was obtained by illegally seized evidence; his arrest was illegal; and counsel rendered ineffective assistance. *Ex parte Ludlow,* Application No. 33,592-04 at 7-8. Ludlow did not raise the claim relating to grand jury proceedings.

Ludlow is now foreclosed from bringing this claim in a successive habeas petition because of Texas's abuse of the writ doctrine. *Ex parte Carr,* 511 S.W.2d 523, 525-26 (Tex. Crim. App. 1974). A procedural rule that acts as a bar must be "firmly established and regularly followed." *Ford v. Georgia,* 498 U.S. 411, 423 (1991) (quoting *James v. Kentucky,* 466 U.S. 341, 348 (1984)). Texas strictly and regularly applied the abuse of the writ doctrine when Ludlow filed his habeas petition. *Emery v. Johnson,* 139 F.3d 191, 195, 201 (5th Cir. 1997); *see also Fearance v. Scott,* 56 F.3d 633, 642 (5th Cir. 1995). Ludlow would be precluded from asserting his unexhausted claims in a successive habeas petition in Texas state court.

Because Ludlow would be precluded from asserting his unexhausted claim in a successive habeas petition in Texas state court, this court need not dismiss this petition without prejudice to permit him to exhaust these claims. *Fuller v. Johnson,* 158 F.3d 903, 906 (5th Cir. 1998).  In a case of procedural default, federal habeas review may be obtained only where a petitioner "can show 'cause' for the default and 'prejudice attributable thereto' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Harris v. Reed,* 489 U.S. 255, 262 (1989) (quoting *Murray v. Carrier,* 477 U.S. 478, 485 (1986) and *Engle v. Isaac,* 456 U.S. 107, 135 (1986)); *Jacobs v. Scott,* 31 F.3d 1319, 1328 (5th Cir. 1994), *cert. denied,* 513 U.S. 1067 (1995).

Ludlow has not shown cause, under the law, for his failure to raise his fourth ground in his state application for habeas corpus relief or in a petition for discretionary review. *Coleman,* 501 U.S. at 753.  Nor has Ludlow demonstrated actual prejudice or that a "fundamental miscarriage of justice" will result from this court's failure to consider his unexhausted claims. *Harris,* 489 U.S. at 262.

The court finds that claim 4 is procedurally barred.

Alternatively, the court finds that by pleading guilty Ludlow has waived all nonjurisdictional defects in the grand jury proceedings. *United States v. Diaz,* 733

F.2d 371, 376 (5th Cir. 1984)("[W]e need only point out that a valid guilty plea waives all nonjurisdictional defects in the proceedings against a defendant").

To the extent Ludlow complains that the indictment is defective, Ludlow's guilty plea renders his defective indictment claim waived because "[a] voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant," *United States v. Glinsey,* 209 F.3d 386, 392 (5th Cir. 2000), and an allegedly defective indictment does not deprive a district court of jurisdiction. *United States v. Cotton,* 535 U.S. 625, 631 (2002).

Ludlow is not entitled to habeas relief on this claim.

## VIII. Motion to Amend Petition

On December 20, 2006, Ludlow sought leave to amend his petition to include additional claims.  Ludlow claims that he entered his guilty plea under duress. (Docket Entry No. 15-1). He also claimed that his appointed counsel worked for the State. (Docket Entry No. 15-2).  On December 29, 2006, Ludlow again sought leave to amend his petition to include additional claims.  (Docket Entry No. 16).

Ludlow states he is a federal informant and his name is on file with the federal government.  Ludlow explains that Harris County asked him to give them the names of people that would lead to arrests.  Ludlow asks why he was in Harris County under British maritime or military law.  Ludlow moved to amend his pleadings once more

on January 24, 2007. (Docket Entry No. 17).  Ludlow states that the Sheriff's Deputy conducted an interview in his car with Diana Fernandez.  This interview was not properly recorded.  Ludlow states the only drugs were in a locked safe in the trunk.  Ms. Fernandez said she would help "bust" the drug dealers.  He further claims that the judge and prosecutor were corrupt.

Respondent filed his motion for summary judgment on October 20, 2006. (Docket Entry No. 13).  Ludlow did not apprize this court of these particular claims until after the State had responded to his habeas petition.  Under these circumstances, the Fifth Circuit held in *Tucker v. Johnson*, 242 F.3d 617, 624 (5th Cir. 2001), that the district court had not abused its discretion by denying the petitioner the opportunity to add another ground of ineffective assistance of counsel after the State had replied to his amended petition. *Cf. Briddle v. Scott,* 63 F.3d 364, 379 (5th Cir. 1993)(explaining that the decision to grant or deny a motion to amend after an answer is filed, is reviewed for abuse of discretion).

Ludlow filed his federal petition on April 24, 2006.  Respondent filed a motion for summary judgment on October 20, 2006.  Ludlow waited two months after respondent answered his petition before filing a motion for leave to amend his petition.  From the record it does not appear that Ludlow exhausted available state court remedies as to these claims.

Because Ludlow would be precluded from asserting his unexhausted claims in a successive habeas petition in Texas state court, this court need not dismiss this petition without prejudice to permit him to exhaust these claims.   In a case of procedural default, federal habeas review may be obtained only where a petitioner "can show 'cause' for the default and 'prejudice attributable thereto' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Harris*, 489 U.S. at 262 (quoting *Murray v. Carrier,* 477 U.S. 478, 485 (1986) and *Engle v. Isaac*, 456 U.S. 107, 135 (1986)); *Jacobs v. Scott*, 31 F.3d 1319, 1328 (5th Cir. 1994), *cert. denied*, 513 U.S. 1067 (1995).  Ludlow has made neither of the required showings to overcome procedural default.  The court finds that the unexhausted claims are procedurally barred.

Ludlow's motion for leave to amend his petition to include a claim that his guilty plea was entered under duress, (Docket Entry No. 15-1), is GRANTED. Ludlow's motions to amend to include additional claims, (Docket Entry Nos. 15-2, 16, & 17), are DENIED.

## IX.   Conclusion

Respondent's Motion for Summary Judgment, (Docket Entry No. 13), is GRANTED.  Ludlow's motion for summary judgment, (Docket Entry No. 14), is DENIED.  Ludlow's motion to amend his petition to include a claim that his guilty

plea was entered under duress, (Docket Entry No. 15-1), is GRANTED. Ludlow's motions to amend to include additional claims, (Docket Entry Nos. 15-2, 16, & 17), are DENIED. Ludlow's petition for a writ of habeas corpus is DENIED. This case is DISMISSED. Ludlow's constructive motion for the appointment of counsel, (Docket Entry No. 14, p. 2), is DENIED. Any remaining pending motions are DENIED as moot.

The Supreme Court has stated that the showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484.

This court denies Ludlow's petition after careful consideration of the merits of his constitutional claims. This court denies a COA because Ludlow has not made the

necessary showing for issuance.   Accordingly, a certificate of appealability is

DENIED.

SIGNED at Houston, Texas, on _____ , 2007.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE